PEARSON v. YONGUE.

Contingent remaindermen in land have not a right to ask the judgment of the court in advance, as to what will be the ultimate rights of themselves and of a party in possession of the land, at the time that this remainder becomes vested; nor to demand the payment of damages for waste committed by the party in possession.

MR. JUSTICE MCIVER concurred in the result.

Before WALLACE, J., Fairfield, February, 1885.

The case is sufficiently stated in the opinion of this court. The Circuit decree, omitting its statement, was as follows:

It is beyond question that G. B. Pearson, jr., had only a life estate in the land to which this action relates. It was bought and sold, and he was put in possession of it, with that undestanding in writing. If he had sold himself, he could only have sold an estate of that degree, and could not have, by such sale, divest-

ed the rights of his children as remaindermen. The sheriff could do no more at an execution sale than he could for himself.

Defendant, however, claims the protection of his purchase upon the ground that he is an innocent purchaser for valuable consideration, without notice. Even upon this ground it would seem that the deed from the sheriff to Jones only conveyed the "right, title, and interest" of Pearson, and Jones's deed to Clowney, by the erasure pointed out above, distinctly refused to warrant generally, and conveyed his right, title, and interest and both these deeds were recorded before the purchase of the Yongues. These significant facts appearing upon the face of the deeds would have sent a prudent man upon enquiry, and he would have found the Pearson deed to Fenly, and then found Fenly and gotten from him all that was necessary to enlighten him as to the nature of G. B. Pearson's interest in that land.

Mr. Pomeroy, in his work on Equity Jurisprudence, volume II., section 626, uses the following language: "Whenever a purchaser holds under a conveyance and is obliged to make out his title through that deed, or through a series of prior deeds, the general rule is firmly established that he has constructive notice of every matter connected with or affecting the estate, which appears either by description of parties, by recital, by reference, or otherwise, upon the face of any deed which forms an essential link in the chain of instruments through which he must derive his title," &c.

I think the plaintiffs are entitled to the remainder in the land, if they survive their father, G. B. Pearson, jr. And it is so adjudged. The testimony upon the subject of waste by the present occupant is very conflicting, and I am persuaded that, comparing his improvements with his injuries to the place, there would be a very small balance either way. So I will leave this question open to be settled hereafter at a more proper time, when all the parties who may be hereafter interested in it may be before the court.

*Mr. E. B. Ragsdale*, for appellant.

*Mr. J. H. Rion*, contra.

June 25, 1886.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   In March, 1849, one George B. Pearson, senior, and his wife, Elizabeth M. Pearson, executed a deed by which they conveyed a certain tract of land, situate in Fairfield County, containing some fifteen hundred acres, to one D. D. Fenly, in trust, first, to secure the rents and profits to the exclusive use of the said Elizabeth ; * * * second, upon the further trust, that the said D. D. Fenly, whenever called upon by the said Elizabeth, should allot and lay off, in such manner as she should elect, such portion of said land as she might desire to her son, George B. Pearson, jr., to be conveyed to trustees for the use of the said George B. Pearson, jr., for life, in such way as not to be liable for his debts, with remainder to his lawful issue, if he should leave such living at his death, with contingent remainders to the children of Mary P. Boyce and Emmeline S. Herbert. * * * Third, to hold the remaining portion of said land not so allotted as aforesaid, at and after the death of the said Elizabeth, for the use of her children for life, with remainder to the lawful issue of their bodies.   And fourth, with power to the said Daniel D. Fenly, as trustee, at the request of the said Elizabeth, to change the investment, the substituted property, whether real or personal, to be subject to the same trusts and limitations as were therein declared upon said land.

Shortly thereafter Fenly, as trustee, and at the request of the said Elizabeth, allotted and laid off to the said George B. Pearson, jr., seven hundred and eighty-six acres of said land, and in December, 1856, at the request of the said Elizabeth and of the said George B. Pearson, jr., and in consideration of the sum of $14,-000, to him paid by one James S. Milling, he, the said Fenly, granted, bargained, and sold said 786 acres to the said James S. Milling; and in 1858 thereafter, with a part of the said $14,000, he purchased a certain other tract of land, containing some 244 acres, for the said George B. Pearson, jr.   No deed, however, was ever executed either to himself or to any other trustee of this land, but instead thereof, an informal and temporary agreement was delivered by the vendor thereof to the said D. D. Fenly as trustee, reciting briefly that the land was purchased by the

said Fenly, as trustee for said George B. Pearson, jr., and that
said purchase was made at the request of George B. Pearson, jr.
George B. Pearson was put in possession immediately as *cestui
que trust* for life, and he has occupied it until it was after-
wards sold, as hereinafter stated.

While George B. was in possession, one Robert T. Yarbo-
rough obtained a judgment against him, under and by virtue of
which the said land was levied upon and the interest of the said
George B. sold by the sheriff in 1867, one James Jones becom-
ing the purchaser. At this sale notice was given that only
the life estate of George B. Pearson was sold. James Jones
subsequently sold to Samuel B. Clowney, who afterwards sold
all "his right, title, and interest" to the defendant, Hazel H.
Yongue, and one William P. Yongue, warranting the title only
against himself and his heirs. After this Hazel H. Yongue sold
and conveyed his interest to the aforesaid William P. Yongue,
who sometime after this re-conveyed all of his interest to the
said Hazel H. Yongue, who is now in possession.

George B. Pearson is still living, and the plaintiffs are his
children. They have brought the action below, alleging that
they are the owners in fee of said tract of land in case they sur-
vive their father, the said George B. Pearson, junior, by virtue of
the original trust deed; that the defendant pretends to be the
owner thereof, and although often requested so to do, has refused
to acknowledge in writing or otherwise the rights of the plaintiffs,
or that they have any interest or ownership therein; that the
defendant, Hazel H. Yongue, has committed and is committing
great waste, * * * and they demand judgment that the trust in
their favor covering the land may be declared, the said Hazel H.
Yongue being entitled to hold the land for the life of the said
George B. Pearson, jr., with remainder to these plaintiffs and
any other children of the said George B. Pearson, jr., who may
be living at his death. That the said defendant may pay dam-
ages in the sum of $5,000 for the waste already committed, and
may be restrained from all further waste, &c.

The defendant, admitting most of the allegations in the com-
plaint, yet denied the title of the plaintiffs, and the allegations

of waste, &c., and for a further defence interposed the plea of *bona fide* purchaser for valuable consideration without notice, &c.

His honor, Judge Wallace, who heard the case, decreed, first, that the interest of George B. Pearson was an estate for life; that this was all that was or could have been sold by the sheriff; that the plea of *bona fide* purchase without notice was not sustained by the evidence; that the plaintiffs are entitled in remainder, should they survive their father; and that the testimony in reference to waste was not sufficient to enable him to determine that question. This question, therefore, he left open, "to be settled hereafter, when all parties who may be hereafter interested in it may be before the court."

The defendant in his exceptions contests the correctness of his honor's rulings upon several points involved, but in his argument here, before reaching these exceptions, he has raised a preliminary question, by way of oral demurrer, to wit, that the complaint does not state facts sufficient to constitute a cause of action. This question has met us at the threshold and has been first decided, and from our view of it, the decision of the other points has become unnecessary, or rather, a decision as to those would be premature and wholly inoperative, as the parties now before the court may not be the parties in interest when the necessity for the adjudication of said questions arises. We may say, however, that we have very little doubt as to the correctness of the decree in regard to the estate of George B. Pearson, and as to the plea of *bona fide* purchaser, under the evidence as presented in this case, and as to the rights of such of the children of George B. Pearson as may survive him; but we do not see that the plaintiffs have such cause of action as warrants them in raising any of these questions, or in fact any question at this time in reference to the tract of land involved. Therefore we decline to pronounce any judgment thereon.

The plaintiffs in their complaint rely upon two alleged causes of action: First, they allege ownership of the land, in the event they survive their father—in other words, they claim that they are contingent remaindermen. They then allege that the defendant has refused to acknowledge their claim, either in writing or otherwise. Secondly, they allege the commission of waste by

the defendant, for which they demand damages.    Those two allegations constitute their cause of action.

We know of no principle of law or equity, or precedent, for a contingent remainderman to come into court upon a cause like the one first above suggested, on the ground that the party in possession refuses to acknowledge plaintiffs' right or claim.    This matter is in doubt between the parties, or rather it appears that they differ in opinion upon it, and the plaintiffs invoke the court, not for any immediate relief (because in no event are the plaintiffs entitled to any immediate relief), but to have its judgment as to the ultimate rights of the parties, in the event that they are alive and in being at some future time.

As to the second cause, even admitting the commission of the alleged waste, and that a sum might be decreed against the defendant therefor, to whom would this sum be adjudged?    Not to the plaintiffs certainly, as the facts now stand, because they are admitted to be contingent remaindermen, their interest being dependent upon a contingency which has not happened, and which may never happen, and therefore never placing them in a position where they would be entitled to any portion of said damages.    Suppose a decree was made adjudging the amount demanded for waste, $5,000, what would become of this sum, in the meantime, before future events determine who shall be entitled thereto?    And if it should turn out that other children than those now in being, should become the vested remaindermen, would the decree in this case bind them?    It may be said, that unless these plaintiffs are entitled to an action, that here is a case, especially as to the commission of waste by the defendant, of a wrong without a remedy.    We think not.    It is not for this court to suggest proper proceedings in any case, but we may venture to say that there is a remedy within reach, wherein all the questions raised here could be brought within the jurisdiction of the court, and its full judgment invoked and obtained.

It is the judgment of this court, that the judgment of the Circuit Court, on the questions determined, be reversed, not that we pronounce said judgment incorrect, but because the said questions

were not ripe for judgment. It is further adjudged, that the case be remanded for such action as may be deemed advisable.

MR. JUSTICE MCGOWAN concurred.

MR. JUSTICE MCIVER. I concur in the result only, as I am not prepared to assent to all the views herein presented; especially as to the plea of purchase for valuable consideration without notice.